**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| D.C., a minor, by and through his<br>mother, A.T., on her own behalf;<br>his grandfather, F.T., on his own<br>behalf, and all others similarly situated, | :<br>:<br>:<br>:<br>: | Civil Action No. 2:19-cv-00012 |
| Plaintiffs, | :<br>: | The Hon. Marilyn J. Horan |
| vs. | :<br>: | |
| PITTSBURGH PUBLIC SCHOOLS,<br>OFFICER MARION PARKER,<br>MR. NICHOLAS SIBLE, and<br>MR. MARK McCLINCHIE | :<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendants. | :<br>: | *Electronically Filed* |

## DEFENDANT NICHOLAS SIBLE'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Nicholas Sible ("Sible"), through his undersigned counsel, Brian P. Gabriel, Esq. and Campbell Durrant Beatty Palombo & Miller, P.C., files the following Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint.

### PRELIMINARY STATEMENT

1. The averments of Paragraph 1 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 1 is denied.

2. The averments in Paragraph 2 are conclusions of law and are directed to a defendant other than Sible. A responsive pleading by Sible is therefore not required.

3. The averments in Paragraph 3 are conclusions of law and are directed to a defendant other than Sible. A responsive pleading by Sible is therefore not required.

4. The averments in Paragraph 4 are conclusions of law and are directed to a defendant other than Sible. A responsive pleading by Sible is therefore not required.

5.  The averments of Paragraph 5 are conclusions of law to which no responsive pleading is required.  To the extent a response, Paragraph 5 is denied.

6.  The averments of Paragraph 6 are conclusions of law to which no responsive pleading is required.

7.   The averments of Paragraph 7 are denied.

8.  The averments in Paragraph 8 are conclusions of law and are directed to a defendant other than Sible.  A responsive pleading by Sible is therefore not required.

9.  The averments of Paragraph 9 are denied.

10. The averments of Paragraph 10 are conclusions of law and are directed to a defendant other than Sible.  A responsive pleading by Sible is therefore not required.

11. The averments of Paragraph 11 are conclusions of law and are directed to a defendant other than Sible.  A responsive pleading by Sible is therefore not required.  To the extent a response is required, Paragraph 11 is denied.

12. The averments of Paragraph 12 are conclusions of law to which no responsive pleading is required.

**PARTIES**

13. The averments of Paragraph 13 are admitted in part and denied in part.  It is admitted that D.C. was an elementary school student enrolled at Liberty K-5 as a first grade student in the 2016-2017 school year.  After reasonable investigation, Sible is without knowledge or information sufficient to admit or deny the truth of the remaining averments of Paragraph 13.

14. The averments of Paragraph 14 is admitted in part and denied in part.  After reasonable investigation, Sible is without knowledge or information sufficient to admit or

deny the truth of averments regarding guardianship or residency status beyond the period of time wherein he taught D.C.  The remaining averments in Paragraph 14 are admitted upon information and belief.

15. Admitted upon information and belief.

16. The averments in Paragraph 16 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

17. The averments in Paragraph 17 are directed to defendants other than Sible, and a responsive pleading by Sible is therefore not required.

18. The averments in Paragraph 18 are admitted in part and denied in part.  It is admitted only that Sible is an adult.  All remaining averments are denied.

19.  The averments in Paragraph 19 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

## JURISDICTION AND VENUE

20. The averments in Paragraph 20 are conclusions of law to which no responsive pleading is required.

21. The averments in Paragraph 21 are conclusions of law to which no responsive pleading is required.

22. The averments in Paragraph 22 are conclusions of law to which no responsive pleading is required.

23. The averments in Paragraph 23 are conclusions of law to which no responsive pleading is required.

24. The averments in Paragraph 24 are conclusions of law to which no responsive pleading is required.

25. The averments in Paragraph 25 are conclusions of law to which no responsive pleading is required.

## CLASS ACTION STATEMENT

26. The averments in Paragraph 26 are conclusions of law to which no responsive pleading is required.

27. The averments in Paragraph 27 are conclusions of law to which no responsive pleading is required.

28. The averments in Paragraph 28 are conclusions of law to which no responsive pleading is required.

29. The averments in Paragraph 29 are conclusions of law to which no responsive pleading is required.

30. The averments in Paragraph 30 are conclusions of law to which no responsive pleading is required.

31. The averments in Paragraph 31 are conclusions of law to which no responsive pleading is required.

32. The averments in Paragraph 32 are conclusions of law to which no responsive pleading is required.

33. The averments in Paragraph 33 are conclusions of law to which no responsive pleading is required.

## PROCEDURAL HISTORY

34. The averments in Paragraph 34 are admitted with clarification. It is admitted that the allegations that are identified by date and relied upon by Plaintiffs pertain to a time period in 2017 and to approximately May 2018.  However, Sible's limited involvement in

any matters relating to Plaintiffs ceased in November of 2016.  As such, the averments in Paragraph 34 constitute an admission that Plaintiffs do not, and are not able to, allege that Sible took any actions during the two years that preceded the filing of this lawsuit.

36.-39.    The averments in Paragraphs 36 through 39 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required. By way of further response, these averments pertain to a time period during which Sible did not teach D.C. and had no personal involvement.

## FACTUAL ALLEGATIONS

### 2015-2016 School Year

40.  Admitted, upon information and belief.

41.  The averments in Paragraph 41 are admitted in part with clarification and denied in part.  Upon information and belief, it is admitted that on October 5, 2016, D.C. was evaluated by Western Pennsylvania Institute and Clinic (WPIC) and was diagnosed with Attention Deficit Hyperactive Disorder (ADHD) and Oppositional Defiance Disorder (ODD), and certain recommendations were provided within that report.  All remaining averments are conclusions of law to which no responsive pleading is required.

42.-46.    After reasonable investigation, Sible is without knowledge or information sufficient to admit or deny the truth of the averments in Paragraphs 42 through 46.  D.C. was not transferred to Sible's classroom until approximately September 13, 2016 and Sible last taught D.C. in November of 2016.

### 2016-2017   School Year

47. Admitted, upon information and belief.

48. The averments in Paragraph 48 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

49. The averments in Paragraph 49 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

50. Admitted.

51. The averments in Paragraph 51 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

52. The averments in Paragraph 52 are denied as stated.  During class in October 2016, D.C. grabbed Sible's ankles while Sible was at the projector.  When Sible reached down to put his hand out, D.C. pulled Sible on top of D.C. by Sible's shirt.  Sible was able to plant his right leg and hand onto the floor.  Sible's left knee landed on D.C.'s knee/side of the back area.

53. It is denied that Sible engaged in an unlawful physical restraint of D.C.  The remaining averments in Paragraph 53 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

54. The averments in Paragraph 54 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

55. After reasonable investigation, Sible is without knowledge or information sufficient to admit or deny the truth of the averments in Paragraph 55.

56. The averments in Paragraph 56 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

57. After reasonable investigation, Sible is without knowledge or information sufficient to admit or deny the truth of the averments in Paragraph 57.

58. After reasonable investigation, Sible is without knowledge or information sufficient to admit or deny the truth of the averments in Paragraph 58.

59. After reasonable investigation, Sible is without knowledge or information sufficient to admit or deny the truth of the averments in the first sentence of Paragraph 59.  The averments in the second sentence of Paragraph 59 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

60. The averments in Paragraph 60 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

61. The averments in Paragraph 61 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

62. The averments in Paragraph 62 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

63. The averments in Paragraph 63 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

64. The averments in Paragraph 64 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

65. The averments in Paragraph 65 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

66. The averments in Paragraph 66 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

67. The averments in Paragraph 67 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

68. The averments in Paragraph 68 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.

69. Any allegations of an incident where Sible choked D.C. are denied.   After reasonable investigation, Sible is without knowledge or information sufficient to admit or deny the truth of the remaining averments of Paragraph 69.

70. Any allegation that Sible's actions during the incident referred to in Paragraph 52 constituted a restraint as defined by Chapter 14 regulations is denied.  22 Pa. Code § 14.133.  The remaining averments in Paragraph 70 are directed to a defendant other than Sible, and a responsive pleading by Sible is therefore not required.  By way of further response, Sible was not present for a meeting on December 14, 2016.

71.-88.    The averments in Paragraphs 71 through 88 are directed to defendants other than Sible.  A responsive pleading by Sible to these paragraphs is therefore not required.  By way of further response, these averments pertain to a time period during which Sible did not teach D.C. and had no personal involvement.

**COUNT I:  VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973**
**D.C. AND THE CLASS v. THE DISTRICT**

**COUNT II:  VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT**
**D.C. AND THE CLASS v. THE DISTRICT**

89. Defendant Sible incorporates by reference his Answers to paragraphs 1 through 88 above.

90.-105.   The averments in Paragraphs 90 through 105 are conclusions of law and are directed to a defendant other than Sible.  A responsive pleading by Sible to these paragraphs is therefore not required.

**COUNT III:  VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973
MS. A.T. AND MR. F.T. v. THE DISTRICT**

**COUNT IV:  VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT
MS. A.T. AND MR. F.T. v. THE DISTRICT**

106. Defendant Sible incorporates by reference his Answers to paragraphs 1 through 105 above.

107.-115.  The averments in Paragraphs 107 through 115 are conclusions of law and are directed to a defendant other than Sible.  A responsive pleading by Sible to these Paragraphs is therefore not required.

**COUNT V:  UNCONSTITUTIONAL POLICIES AND CUSTOMS PURSUANT TO 42 U.S.C. SECTION 1983 (MONELL)**

**D.C. v. THE DISTRICT**

116. Defendant Sible incorporates by reference his Answers to Paragraphs 1 through 115 above.

117.-121.  The averments in Paragraphs 117 through 121 are conclusions of law and are directed to a defendant other than Sible.  A responsive pleading by Sible to these paragraphs is therefore not required.

**COUNT VI:  VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. SECTION 1983 FOR USE OF EXCESSIVE FORCE**

**D.C. v. ALL DEFENDANTS**

122. Defendant Sible incorporates by reference his Answers to paragraphs 1 through 121 above.

123.-124.  The averments in Paragraphs 123 and 124 are conclusions of law to which no responsive pleading is required.

125. The averments in Paragraph 125 are denied.

126. The averments in Paragraph 126 are denied.

127. The averments in Paragraph 127 are conclusions of law to which no responsive pleading is required. To the extent a response is required, these averments are denied.

128. The averments in Paragraph 128 are denied.

129.-130.  The averments in Paragraphs 129 and 130 are conclusions of law and are directed to a defendant other than Sible.  A responsive pleading by Sible to these paragraphs is therefore not required.

131.  The averments in Paragraph 131 are denied.

**COUNT VII:  VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
D.C. v. THE DISTRICT**

132. Defendant Sible incorporates by reference his Answers to paragraphs 1 through 131 above.

133.-142.  The averments in Paragraphs 133 through 142 are directed to a defendant other than Sible, and responsive pleading by Sible to these paragraphs is therefore not required.

**COUNT VIII:  VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
D.C. v. THE DISTRICT**

143. Defendant Sible incorporates by reference his Answers to paragraphs 1 through 142 above.

144.-150. The averments in Paragraphs 144 through 150 are conclusions of law and directed to a defendant other than Sible. A responsive pleading by Sible to these paragraphs is therefore not required.

**COUNT IX:  COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
D.C. v. DEFENDANTS PARKER, SIBLE AND McCLINCHIE**

151. Defendant Sible incorporates by reference his Answers to paragraphs 1 through 150 above.

152. The averments in Paragraph 152 are directed to a defendant other than Sible and a responsive pleading by Sible is therefore not required.

153. The averments in Paragraph 153 are denied.

154. The averments in Paragraph 154 are denied.

**COUNT X:  SUBSTANTIVE DUE PROCESS VIOLATION OF THE FOURTH AND
FOURTEENTH AMENDMENTS PURSUANT TO 42 U.S.C. SECTION 1983 FOR THE
USE OF FORCE**

**D.C. v. DEFENDANT PARKER**

155. Defendant Sible incorporates by reference his Answers to paragraphs 1 through 154 above.

156.-160. The averments in Paragraphs 156 through 160 are directed to a defendant other than Sible and responsive pleading by Sible to these paragraphs is therefore not required.

**COUNT XI:  EQUAL PROTECTION VIOLATION OF THE FOURTEENTH
AMENDMENT PURSUANT TO 42 U.S.C. SECTION 1983**

**D.C. v. THE DISTRICT**

161. Defendant Sible incorporates by reference his Answers to paragraphs 1 through 160 above.

162.-167. The averments in Paragraphs 162 through 167 are directed to a defendant other than Sible and responsive pleading by Sible to these paragraphs is therefore not required.

## COUNT XII:  VIOLATION OF THE FOURTEENTH AMENDMENT
## STATE CREATED DANGER

### D.C. v. THE DISTRICT

168. Defendant Sible incorporates by reference his Answers to paragraphs 1 through 167 above.

169.-182. The averments in Paragraphs 169 through 182 are directed to a defendant other than Sible and responsive pleading by Sible to these paragraphs is therefore not required.

## COUNT XIII:  VIOLATION OF 42 U.S.C. SECTION 1983
## F.T. AND D.T. v. THE DISTRICT – VIOLATION OF LIBERTY INTEREST

183. Defendant Sible incorporates by reference his Answers to paragraphs 1 through 182 above.

184.-188. The averments in Paragraphs 184 through 188 are directed to a defendant other than Sible and responsive pleading by Sible to these paragraphs is therefore not required.

### REQUEST FOR RELIEF

Paragraphs 1 through 12 are conclusions of law to which no response is required. To the extent a response is required, it is denied that Plaintiffs are entitled to the relief requested.

WHEREFORE, Defendant Sible requests judgment in his favor and against the Plaintiffs.

## AFFIRMATIVE DEFENSES

189. Defendant Sible incorporates by reference his Answers to Paragraphs 1 through 188 above.

190. Plaintiffs have failed to state a claim for which relief may be granted under federal or state law.

191. Plaintiffs' claims are barred by the applicable statute of limitations.

192. Defendant Sible's only involvement was limited to the September 2016 - November 2016 time period, and the claims against him are based on interactions with D.C. during that time period. As such, all claims against Sible (Counts VI and IX) are barred as this action was not filed until January 2019.

193. Defendant Sible did not inflict or otherwise cause any Constitutional violation or injury.

194. The Fourth Amendment does not apply because Plaintiff D.C. was not searched or seized by Defendant Sible.

195. Any actions taken by Defendant Sible were lawful and not conscience shocking or otherwise in violation of the Fourteenth Amendment.

196. Defendant Sible is entitled to qualified immunity as he acted reasonably at all times and did not violate any clearly established rights possessed by Plaintiff.

197. Defendant Sible was, at all times, acting within the scope of his employment and is entitled to all available privileges and immunities.

{DocNo=00619196.3 }

198. Plaintiffs' claims are governed, limited and barred by the provisions of 42 Pa.C.S. §§ 8541-64 (commonly referred to as "Political Subdivision Tort Claims Act"), which provides Defendant Sible with immunities and protections more fully set forth therein.

199. Any action or inaction of Defendant Sible arose from the performance of job duties and was authorized or required by law and/or in good faith reasonably believed to be authorized or required by law.

200. Plaintiffs are not entitled to and may not recover any of the relief sought in the Class Action Complaint.

WHEREFORE, Defendant Sible respectfully requests judgment in his favor with costs and attorney's fees assessed against Plaintiffs.

CAMPBELL DURRANT BEATTY
PALOMBO & MILLER, P.C.

By:   s/ Brian P. Gabriel
      Brian P. Gabriel
      PA 73132
      535 Smithfield Street, Suite 700
      Pittsburgh, PA  15222
      TEL: (412) 395-1261
      FAX: (412) 395-1291
      bgabriel@cdblaw.com

      Attorneys for Defendant,
      Nicholas Sible

Dated:  May 2, 2019

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on May 2, 2019, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system, which will notify the following of the filing of the same:

Jeffrey J. Ruder, Esq. / Kristen C. Weidus, Esq.
429 Forbes Avenue, Suite 450
Pittsburgh, PA  15219
*Counsel for Plaintiffs*

Aimee R. Zundel, Esq.
Weiss Burkardt Kramer LLC
445 Fort Pitt Boulevard, Suite 503
Pittsburgh, PA  15219
*Counsel for Pittsburgh Public Schools and Officer Marion Parker, Defendants*

Carl P. Beard, Esq.
Elizabeth A. Benjamin, Esq.
Jennifer L. Dambeck, Esq.
Beard Law Group, P.C.
3366 Lynnwood Drive
Altoona, PA  16602
*Counsel for Mark McClinchie, Defendant*

CAMPBELL DURRANT BEATTY
PALOMBO & MILLER, P.C.


By:  s/Brian P. Gabriel
        Brian P. Gabriel