IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.C., *a minor, by and through his mother, A.T.,* *and on behalf of all others similarly situated* and A.T., *his mother, on her own behalf,* <br><br> Plaintiffs, <br><br> vs. <br><br> PITTSBURGH PUBLIC SCHOOLS, <br><br> Defendant. | 2:19-cv-00012 <br> Judge Marilyn J. Horan |

**OPINION AND ORDER**

Plaintiffs D.C., A.T., and F.T. initially filed the present matter in January 2019 against Defendant Pittsburgh Public Schools (the District) and three individual Defendants. (ECF No. 1). Three of the four Defendants filed various Motions to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 8, 10, 21, 24). In ruling on those Motions, this Court dismissed the majority of Plaintiffs' claims. (ECF No. 42); *D.C. v. Pittsburgh Pub. Sch.*, 415 F. Supp. 3d 636 (W.D. Pa. 2019). Plaintiffs then filed an Amended Complaint, in which they chose not to reallege F.T.'s claims and the claims against two of the individual Defendants. (ECF No. 47). The remaining two Defendants—the District and a teacher, Nicholas Sible—again filed Motions to Dismiss under Rules 12(b)(1) and 12(b)(6). (ECF Nos. 50, 54, 56). In an Opinion and Order entered on June 15, 2020, the Court again dismissed the majority of Plaintiffs' claims. (ECF No. 68); *D.C. v. Pittsburgh Pub. Sch.*, 2020 U.S. Dist. LEXIS 103851 (W.D. Pa. June 15, 2020). Plaintiffs now ask this Court to certify the June 15, 2020 Opinion and Order, as it relates to the dismissal of certain claims

against the District, for interlocutory appeal to the Third Circuit under 28 U.S.C. § 1292(b). (ECF No. 69).

For the following reasons, Plaintiffs' Motion to Certify Order for Interlocutory Appeal will be denied.

**I. Background**

This matter centers on D.C., an elementary school student, and allegations that the District failed to provide him with a free appropriate public education (often referred to as a "FAPE"), as required by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* The initial Complaint before this Court contained thirteen counts, including claims against the District for violations of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; and 42 U.S.C. § 1983. (ECF No. 1). In ruling on the District's Motion to Dismiss under Rule 12(b)(1), as well as observing this Court's independent obligation to determine whether it has subject matter jurisdiction, the Court found that it did not have jurisdiction over several of Plaintiffs' claims. (ECF No. 42). Specifically, the Third Circuit has held that administrative exhaustion of FAPE-based claims in accordance with the IDEA is a jurisdictional requirement. This Court found that Plaintiffs had not pleaded sufficient facts to establish that they had exhausted the administrative remedies under the IDEA for each of their FAPE-based claims. Plaintiffs, in short, needed to inform the Court as to which claims were included in the IDEA due process complaint that was before the administrative hearing officer. The Court also addressed the District's Motion to Dismiss under Rule 12(b)(6), explaining at length that many of the claims dismissed on jurisdictional grounds also failed to state a claim. The Court gave Plaintiffs leave to amend

their Complaint to provide the necessary information about the due process complaint and to correct the substantive deficiencies in their claims.

Plaintiffs filed an Amended Complaint, to which they attached a copy of the underlying due process complaint. The due process complaint alleged only two claims: an IDEA claim and a § 504 claim, each on behalf of D.C. Nonetheless, Plaintiffs realleged all of their FAPE-based claims that the Court had determined were subject to the IDEA's administrative exhaustion requirement. The District again moved to dismiss the claims against it under Rules 12(b)(1) and 12(b)(6). As to the District's Rule 12(b)(1) Motion, the Court found that Plaintiffs only exhausted administrative remedies as to one FAPE-based claim in the Amended Complaint—D.C.'s § 504 claim. The Court thus dismissed all of the other FAPE-based claims for lack of subject matter jurisdiction. The Court also once again addressed the District's Rule 12(b)(6) Motion to Dismiss, and held that many of Plaintiffs' claims still failed to state a claim for which relief could be granted. Presently, what remains is a single Plaintiff, D.C.; a single Defendant, the District; a § 504 claim; and a state-law claim under the Pennsylvania Human Relations Act.

Following this Court's Opinion and Order dismissing Plaintiffs' claims in the Amended Complaint, Plaintiffs timely moved to certify the Court's decision for interlocutory appeal.

**II. Discussion**

A district court may certify for appellate review certain interlocutory orders under 28 U.S.C. § 1292(b). For such a certification to be proper, the order at issue "must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if immediately appealed, 'materially advance the ultimate termination of

the litigation.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (quoting 28 U.S.C. § 1292(b)). Nonetheless, even if the movant establishes all three criteria, "[t]he decision to grant certification 'is wholly within the discretion of the courts.'" *Shevlin v. Phoenix Life Ins. Co.*, 2015 U.S. Dist. LEXIS 7797, at *13 (D.N.J. Jan. 23, 2015) (quoting *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)).

As to the first element, a controlling question of law is one that is "serious to the conduct of the litigation, either practically or legally." *Id.* at 755. The clearest example of a controlling question of law is "one which would result in a reversal of a judgment after final hearing." *Id.* Subject matter jurisdiction is often a controlling question of law. *Beazer East, Inc. v. Mead Corp.*, 2006 U.S. Dist. LEXIS 74743, at *5 (W.D. Pa. Oct. 12, 2006).

Regarding the second element, a "party's mere disagreement with the district court's ruling . . . is not a substantial ground for difference of opinion for Section 1292(b) purposes." *Shevlin*, 2015 U.S. Dist. LEXIS 7797, at *13. Rather, the requisite difference of opinion "must arise out of genuine doubt as to the correct legal standard," such as a doubt "stem[ming] from conflicting precedent, the absence of controlling law on a particular issue, or novel and complex issues of statutory interpretation." *Id.* (internal quotations omitted).

Lastly, the third element—whether an immediate appeal will materially advance the ultimate termination of the litigation—points to the main purpose of § 1292(b): institutional efficiency. *Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3d Cir. 1979). Certification of interlocutory appeals is generally reserved for "exceptional cases where an intermediate appeal would avoid protracted and expensive litigation." *Id.* Accordingly, for the third element of § 1292(b), district courts generally look to whether the appeal "would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate

issues to make discovery easier and less costly." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994); *Shevlin v. Phoenix Life Ins. Co.*, 2015 U.S. Dist. LEXIS 7797, at *13 (D.N.J. Jan. 23, 2015).

Turning to the first element, and as a practical matter, Plaintiffs' appeal presents a controlling question of law only as to one claim: D.C.'s ADA claim. Of all the claims at issue here—the FAPE-based claims that were dismissed because they were not included in the due process complaint—only D.C.'s ADA claim would survive if the Court were to decide the matter based on the District's 12(b)(6) motion instead of under Rule 12(b)(1). Stated differently, and as explained in the Court's previous Opinions in this matter, even if the Court had subject matter jurisdiction over Plaintiffs' unexhausted, FAPE-based claims, all but D.C.'s ADA claim still fail to state a claim for which relief may be granted. Consequently, if the Third Circuit were to reverse course on the issue of whether administrative exhaustion is a jurisdictional element in the IDEA context, such a reversal would, as a practical matter, only save one of Plaintiffs' claims.

Second, as to whether there is a substantial ground for difference of opinion, the Court must consider the specific question Plaintiffs wish to certify for appeal. Plaintiffs seek to have the Third Circuit decide the following question:

> Whether, under the relevant provision of the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(*l*), administrative exhaustion can appropriately be construed to be a prerequisite to District [C]ourt subject matter jurisdiction where it otherwise restricts or limits the student's rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, or other Federal laws protecting the rights of children with disabilities.

(ECF No. 69, at 2). Plaintiffs start by pointing to *Wellman v. Butler Area School District*, 877 F.3d 125, 130 (3d Cir. 2017), in which the Third Circuit noted, but did not resolve, a tension in its case law regarding whether IDEA administrative exhaustion is truly a jurisdictional

5

requirement. (ECF No. 69, at 1–2). Plaintiffs then seem to overlook the Third Circuit's explanation surrounding the tension,[1] and instead argue that "a plain reading of [§ 1415(*l*)] also makes clear that exhaustion cannot appropriately be required if doing so would limit or restrict the rights and remedies otherwise available under the Constitution, Section 504, or other Federal laws." *Id.* at 2. According to Plaintiffs, a lack of administrative exhaustion in the IDEA context cannot be a jurisdictional bar to their FAPE-based claims because of the language in § 1415(*l*). *Id.* at 3. Despite their "plain reading" argument, however, Plaintiffs misread § 1415(*l*). That provision states:

> (*l*) **Rule of construction.** Nothing in this title [20 USCS §§ 1400 *et seq*.] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973 [29 USCS §§ 790 et seq.], or other Federal laws protecting the rights of children with disabilities, **_except_** that before the filing of a civil action under such laws seeking relief that is also available under this part [20 USCS §§ 1411 et seq.], the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part [20 USCS §§ 1411 et seq.].

20 U.S.C. § 1415(*l*) (emphasis added). Plaintiffs are generally correct that this provision states that the IDEA should not be construed to limit a person's rights under the Constitution and various federal statutes. But Plaintiffs ignore that Congress carved out an exception—

---

[1] In *Wellman*, the Third Circuit explained in a footnote that the tension arose as a result of its precedent addressing whether exceptions to "prudential exhaustion," such as futility, could be applied to "jurisdictional exhaustion ." *Wellman*, 877 F.3d at 130 n.6. The court compared prior caselaw that held "that a jurisdictional exhaustion requirement 'by definition cannot be subject to a futility exception,'" *id.* (quoting *Nyhuis v. Reno*, 204 F.3d 65, 69 (3d Cir. 2000)), with an IDEA case in which the court "not[ed] that exhaustion is a prerequisite to a district court's subject matter jurisdiction, but stat[ed] that there are four exceptions to the exhaustion requirement, including futility," *id.* (citing *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 274-75 (3d Cir. 2014)). In sum, the Third Circuit explained, "[t]he fact that the [IDEA] exhaustion requirement has exceptions suggests that it is not a jurisdictional prerequisite to our authority to hear an IDEA case. *Id.* Because the parties in *Wellman* had not raised the issue, the court did not resolve it, and administrative exhaustion remains a jurisdictional requirement in the IDEA context. *Id.* at 130.

that a person's rights should not be limited *except* that he must exhaust his FAPE-based claims under the Constitution and various other federal statutes to the same extent as his IDEA claim. In other words, a plain reading of § 1415(*l*) shows that Congress intended the IDEA to restrict a person's rights under the Constitution and various federal laws when his claims are FAPE-based. And, the restriction placed on those claims is that they must be exhausted through the IDEA administrative process. To adopt Plaintiffs' reading of § 1415(*l*) would render meaningless the statutory language following "except." Therefore, there is not substantial ground for a difference of opinion regarding the effect of § 1415(*l*) on Plaintiffs' IDEA administrative exhaustion obligations.

Finally, Plaintiffs do not establish that an interlocutory appeal on this issue would materially advance the ultimate termination of litigation. Such an appeal would only protract the already lengthy litigation in this matter. And, if Plaintiffs were to gain a decision in their favor, such a decision would add, not eliminate, a claim. Granted, the one claim that Plaintiffs would gain (D.C.'s ADA claim) overlaps substantially with the surviving § 504 claim. But going through the appeals process with the aim of regaining that claim would do nothing to eliminate issues or otherwise promote institutional efficiency. Consequently, this matter is not an exceptional case as contemplated by § 1292(b).

In summary, Plaintiffs fail to establish the criteria necessary for the Court to certify its June 15, 2020 Opinion and Order for appeal in accordance with 28 U.S.C. § 1292(b).

**III. Conclusion**

THEREFORE, based on the foregoing, Plaintiffs' Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) is DENIED.

IT IS SO ORDERED.

DATE  August 12, 2020   

Marilyn J. Horan
United States District Judge