IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.C., *a minor, by and through his mother, A.T.*, | )<br>)<br>) |
| Plaintiff, | ) 2:19-cv-12<br>) |
| v. | ) Judge Marilyn J. Horan<br>) |
| PITTSBURGH PUBLIC SCHOOLS, | )<br>) |
| Defendant. | )<br>) |

**<u>OPINION AND ORDER</u>**

Defendant, Pittsburgh Public Schools, moves for reconsideration of this Court's January 28, 2022 Opinion and Order denying its Motion to Dismiss Plaintiff, D.C.'s, § 504 and PHRA disability discrimination claims. (ECF No. 141). D.C. has filed a Response in Opposition, (ECF No. 147), and the matter is now ripe for reconsideration.

Upon consideration of District's Motion for Reconsideration and accompanying brief, (ECF Nos. 141 & 142), D.C.'s Response in Opposition and accompanying brief, (ECF Nos. 146 & 147), and for the following reasons, the District's Motion for Reconsideration will be denied.

**I.     Standard of Review**

A motion to reconsider "must rely on at least one of three grounds: 1) intervening change in controlling law, 2) availability of new evidence not previously available, or 3) need to correct a clear error of law or prevent manifest injustice." *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 313-14 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, has already made. *Williams v. Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). "Motions for reconsideration may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."

*Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 586 (E.D. Pa. 2008) (internal quotations and citations omitted). Such motions may not be "used to revise or raise new issues with the benefit of the hindsight provided by the court's analysis." *Id.* (internal quotations and citations omitted). With regard to the third ground, litigants are cautioned to "evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Waye*, 846 F. Supp. at 314 n. 3 (internal quotations and citations omitted). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

## II.     Discussion

In its Motion for Reconsideration, the District contends that this Court erred by not properly applying the deliberate indifference standard. (ECF No. 142, at 1-2). D.C. maintains that this Court's Opinion correctly applied the deliberate indifference standard and correctly found the existence of genuine dispute of material fact. (ECF No. 147, at 2).

The District argues in its Motion for Reconsideration that the Court made a clear error of law when it found the existence of a question of fact prior to the application of the deliberate indifference standard. (ECF No. 142, at 2). While the District Court must apply the deliberate indifference standard when a plaintiff seeks compensatory damages, *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 261-62 (3d Cir. 2013), D.C. also seeks injunctive and declaratory relief pursuant to his § 504 and PHRA disability discrimination claims. Thus, it was not clear error for the Court to decide that there was a question of material fact regarding D.C.'s § 504 and PHRA racial discrimination claims prior to conducting a deliberate indifference analysis. The question of fact as to whether the District should have provided more behavioral

supports to D.C. sooner to help accommodate his disabilities is a genuine dispute of material fact that must be resolved by a jury.

Secondly, the District argues that the Court should not have found a question of fact in its deliberate indifference analysis. (ECF No. 142, at 10). In support of its argument, the District points to other Third Circuit cases where the Third Circuit Court of Appeals affirmed the grant of a motion for summary judgment where the district court did not find a question of fact with regard to the deliberate indifference test. The cases cited in the District's brief are inapplicable to the current case. Disability discrimination cases in the school context are necessarily fact dependent, and each of the factual circumstances in the cases cited by the District are distinguishable to the present case. In addition, the cases cited in the District's brief are procedurally distinguishable as they involve the granting of a school district's motion for summary judgment with regard to the deliberate indifference test. In this case, the Court has found the existence of a genuine dispute of material fact as to both prongs of the deliberate indifference analysis.

Accordingly, the District's Motion for Reconsideration will be denied.

**<u>ORDER</u>**

Following consideration of the District's Motion for Reconsideration and accompanying brief, (ECF Nos. 141 & 142), D.C.'s Response in Opposition and accompanying brief, (ECF No. 146 & 147), and for the above stated reasons, the District's Motion for Reconsideration is denied.

Dated:  July 26, 2022

BY THE COURT

_____
Marilyn J. Horan
United States District Court Judge
